UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABDULLAH SPENCER-EL-DEY,

                       Plaintiff,

-against-

CHILDREN'S VILLAGE; BOY SCOUTS OF AMERICA,

                       Defendants.

7:20-CV-10377 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff Abdullah Spencer-El-Dey, who appears *pro se* and is currently held in the North Infirmary Command on Rikers Island, brings this action alleging that the defendants violated his federal constitutional rights as well as his rights under the "Algerian/U.S. Treaty of 1815: articles 6, 7, and 16" (ECF 1, at 1), and he seeks damages.[1] He sues the Children's Village and the Boy Scouts of America. The Court construes Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983 – presumably a substantive due process claim based on his sexual molestation by a Scout leader when he was required to be a Boy Scout when residing at Children's Village – and state law claims.

      By order dated February 19, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] The Court directs service on the defendants.

---

[1] Plaintiff original filed this action in the United States District Court for the Eastern District of New York. By order dated December 8, 2020, that court transferred the action here. *Spencer-El-Dey v. Children's Village*, 20-CV-5909 (E.D.N.Y. Dec. 8, 2020).

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the complaint until 90 days after the date that summonses are issued for the defendants. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for the defendants. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for the Children's Village and the Boy Scouts of America, (2) complete USM-285 forms with the service addresses for the Children's Village and the Boy Scouts of America, and (3) deliver all documents necessary to effect service of summonses and the complaint (ECF 1) on the Children's Village and the Boy Scouts of America to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 3, 2021
         White Plains, New York

                                                CATHY SEIBEL
                                               United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. The Children's Village
   One Echo Hills
   Dobbs Ferry, New York 10522

2. The Boy Scouts of America
   1325 West Walnut Hill Lane
   Irving, Texas 75038