UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABDULLAH SPENCER EL DEY,

Plaintiff,

- against -

CHILDREN'S VILLAGE; BOY SCOUTS OF AMERICA,

Defendants.
-----------------------------------------------------------x

**OPINION & ORDER**

No. 20-CV-10377 (CS)

Appearances:

Michael Leo Kenny, Jr.
New York, NY
*Counsel for Defendant Boy Scouts of America*

Seibel, J.

Before the Court is the motion to dismiss of Defendant Boy Scouts of America ("BSA"). (ECF No. 49.) Defendant seeks dismissal with prejudice of *pro se* Plaintiff Abdullah Spencer El Dey's claims against both Defendants. (*Id.*)

Plaintiff filed this action on November 30, 2020. (ECF No. 1.) On March 31, 2021, Defendant filed a notice of the order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") staying the proceedings in this action (and others). (ECF No. 16.) The Bankruptcy Court repeatedly extended the stay, and Defendant periodically provided updates regarding the status of the bankruptcy proceedings. (ECF Nos. 20, 22, 23, 27, 34, 36, 41, 44, 47.)

Throughout the stay, Plaintiff filed several letter motions. (ECF Nos. 21, 24, 26, 29, 31, 38, 39.) In response, the Court notified Plaintiff that the case is stayed in this Court and being administered in Bankruptcy Court. (ECF Nos. 21, 30, 40.) The Court also stated that Plaintiff

should present any concerns or objections to the Bankruptcy Court and consult the Chapter 11 Plan or Defendant's counsel to take advantage of any remedies available to him. (ECF Nos. 21, 30, 37, 40.) On May 2, 2025, the Court also directed Defendant's counsel to send Plaintiff the contact information for the Trustee of the Boy Scouts of America Settlement Trust, (ECF No. 42), which was done on June 3, 2025, (ECF No. 43).

On May 4, 2026, Defendant's counsel filed a letter explaining that BSA's Chapter 11 Reorganization Plan had been confirmed and the appeals process was over, and accordingly, Plaintiff's case had to be dismissed. (ECF No. 47.) Defendant also noted that prior filings served upon Plaintiff were undeliverable. (*Id.*) The Court directed that Defendant file a motion to dismiss by June 4, 2026, and Plaintiff file his opposition by July 6, 2026. (ECF No. 48.) That Order was mailed to Plaintiff at his address of record on May 6, 2026. (Mailing Receipt dated May 6, 2026.)

On June 4, 2026, Defendant's counsel filed a letter-motion to dismiss. (ECF No. 49.) The letter notes that the Bankruptcy Plan and Confirmation Order became final and non-appealable on February 7, 2026. (*Id.*) Defendant also states that pursuant thereto, cases claiming abuse post-1975 – such as Plaintiff's – should be dismissed with prejudice against all Defendants. (*Id.*)[1] Defendant appended Exhibit A to the letter-motion, which is a notice of occurrence of release dates under the insurance settlement agreements in the Bankruptcy Action. (ECF No. 49-1.) Defendant represents that it mailed its letter-motion to Plaintiff, (ECF No. 49), but Plaintiff has not filed a response.

---

[1] Defendant's letter described this as a "post-1976" case, (ECF No. 49), but the Court believes the reference was meant to be "post-1975," as the Amended Notice of Entry of Confirmation Order refers to "post-1975" and "pre-1976" cases, (ECF No. 51-1). As Plaintiff claims abuse in 1983-84, the difference is immaterial.

On August 7, 2026, the Court directed Defendants to specify what documents mandate the dismissal of Defendant Children's Village. (ECF No. 50.) On August 17, 2026, Defendants filed a letter linking the Notice of Current and Potential Protected Parties and Limited Protected Parties and attaching as Exhibit A the Amended Notice of Entry of Confirmation Order. (*See* ECF Nos. 51, 51-1.)

The Court provided instructions to Plaintiff on multiple occasions as to how to take advantage of remedies available to him in the Bankruptcy Court proceedings. (*See* ECF Nos. 21, 30, 37, 40.) Plaintiff has apparently failed to do so and has not opposed Defendant's motion to dismiss. As such, Plaintiff's claims must be dismissed against all Defendants. (*See* ECF Nos. 49, 49-1, 51, 51-1.)[2] *See Walzer v. UAL Corp.*, 2008 WL87944, at *1 (S.D.N.Y. Jan. 2, 2008) (dismissing plaintiff's claims against defendants with prejudice because the final bankruptcy plan discharged all claims against defendants and plaintiff had "no cause of action"), *aff'd*, No. 08-622, 351 F. App'x 551 (2d Cir. 2009) (summary order); *Just In-Materials Designs, Ltd. v. First Choice Fabrics, Inc.*, 1992 WL 245605, at *1 (S.D.N.Y. Sep. 15, 1992) (granting motion

---

[2] In the Notice of Current and Potential Protected Parties and Limited Protected Parties, Children's Village is listed in Schedule 5, which is described as "Potential Chartered Organizations Protected Parties and Limited Protected Parties." (*See* ECF No. 51 at n.1.) Parties listed in Schedule 5 are automatically treated as Participating Chartered Organizations or Limited Protected Parties unless they (a) object to the Plan; (b) inform Debtors' counsel in writing on or before the confirmation objection deadline that it does not wish to make the Participating Chartered Organization Insurance Assignment; or (c) are a debtor in their own bankruptcy case. (*Id.*) The Amended Notice of Entry of Confirmation Order states that all post-1975 abuse claims against a Limited Protected Party shall be channeled to the Settlement Trust. (ECF No. 51-1 at 2-3.) Defendant BSA has not expressly represented that Children's Village did not object to the Plan, inform Debtors' counsel it did not wish to make the Participating Chartered Organization Insurance Assignment, or become a debtor in its own bankruptcy case, but the Court infers that it did not, and therefore Children's Village became a Limited Protected Party. On the assumption that Children's Village did not engage in any of the aforementioned actions and became a Limited Protected Party, the Court dismisses the case as to Children's Village effective August 25, 2026, provided that BSA shall inform the Court before that date if its assumption is incorrect.

for summary judgment because approval of bankruptcy plan discharged all pending claims against defendants, including plaintiff's cause of action); *Delgado v. Derecktor Shipyards, Inc.*, 2012 WL 162301, at *3 (D. Conn. Jan. 18, 2012) (dismissing plaintiff's employment discrimination claim because the bankruptcy court's adoption of bankruptcy plan discharged his claims).

For the foregoing reasons, Defendant's motion to dismiss with prejudice is granted, effective today as to Defendant Boy Scouts of America and effective August 25, 2026 as to Defendant Children's Village (absent further order of the Court). The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 49), and close the case.

**SO ORDERED.**

Dated: August 18, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.